## Graves v. City of Georgetown.

(Decided October 7, 1915.)

### Appeal from Scott Circuit Court.

1. Municipal Corporations—Cities of Fourth Class—Taxation—Interest and Penalties.—Under sections 3544 and 3546 of the Kentucky Statutes interest on taxes due a city of the fourth class is allowable, and the council may also adopt an ordinance prescribing penalties with interest.

2. Judgment—On Verdict—Court May Allow Interest and Penalties.—In a suit by a city of the fourth class to recover taxes from a delinquent tax payer, after the jury found that the tax was due and owing the city, and the amount thereof, the court had the right, as a matter of law, to give judgment for the interest and penalties fixed by the statute and ordinance, in addition to the amount of tax found due by the jury.

JAMES F. ASKEW and J. C. B. SEBREE for appellant.

B. M. LEE for appellee.

OPINION OF THE COURT BY JUDGE CARROLL.—Affirming.

On a former appeal by the present appellant the judgment of the lower court was reversed because the action was prematurely brought. Upon the return of the case this suit was brought to recover the tax sought to be recovered in the first suit.

The petition prayed for judgment for $1,141.50, with interest from November 1, 1913, until paid, and for the further sum of $68.49 as penalty and interest thereon. The only defense made was that the appellant was not a resident of the city of Georgetown and therefore not subject to the tax sought to be collected.

On a trial of the case the lower court gave the same instructions that were given in the first case and which were approved by this court on the first appeal; and the jury returned the following verdict:

"We, the jury, find for the plaintiff the sum of $1,141.50." On this verdict the court adjudged that "the plaintiff recover of the defendant the sum of $1,141.50, with 6% interest from November 1, 1913, until paid; and the further sum of $68.49, with interest from September 10, 1914, until paid."

On this appeal it is complained that the instructions given were erroneous, and that the instructions offered should have been given. We think, however, that it was proper for the court to give the instructions given on the trial, as the evidence on this trial is substantially the same as was the evidence on the first trial.

It is also urged that the court erred in giving judgment for interest on the amount found by the jury, and also in giving judgment for the penalty of $68.49 with interest from date of suit.

Section 3546 of the Kentucky Statutes provides that all tax bills uncollected, together with 6% interest thereon, shall be a debt from the person owing the tax to the city and may be recovered by suit. It was therefore not error for the court to allow interest on the amount found to be due by the jury from the date when the tax was due.

Section 3544 of the Statute further authorized the council of the city to impose by ordinance a penalty on delinquent taxpayers with interest thereon, and this penalty and interest the city had the right to sue for and collected from appellant as part of his indebtedness to the city on account of the delinquent tax.

The question of interest and penalty was a question of law for the court, and when the jury found that Graves was a resident of Georgetown, which was the only issue in the case, the court, as a matter of law, had the right to fix the amount due according to the pleadings, and this was done.

The judgment is affirmed.